UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-215-JBC

PROGRESSIVE DIRECT INSURANCE CO.,                    PLAINTIFF,

V.                  MEMORANDUM OPINION AND ORDER

DONALD G. LEWIS, II, ET AL.,                    DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for entry of default and for default judgment. R. 21. Although the Clerk of the Court entered default on July 21, 2009 (R. 23), the plaintiff's request for default judgment will be **DENIED**.

### I. Background

The plaintiff, Progressive Direct Insurance Company ("Progressive"), brought this declaratory judgment action against the defendants, Donald G. Lewis II, April Wallace, and Christopher Juett as the administrator of the Estate of Kevin Michael Juett.

The insurance policy in question was issued to Tiffany Lewis, who was married to Donald Lewis at the time this action was filed. *Id.* Tiffany Lewis purchased automobile insurance in July 2007 for a 2007 Dodge and a 2002 Land Rover. *Id.* Her insurance application and policy declarations identified Donald Lewis as her spouse and as a regular driver of both vehicles. *Id.* at 3. Sometime

1

after July 2007, the Lewises separated. *Id.* On October 2, 2007, Tiffany Lewis removed the Land Rover from the insurance policy. *Id.* at 4. Her policy premium was reduced accordingly. *Id.*

In November 2007, Donald Lewis was driving the 2002 Land Rover when he allegedly lost control of the vehicle. *Id*. Lewis and his front seat passenger, April Wallace, sustained injuries. *Id.* Kevin Michael Juett, the rear seat passenger, was killed. *Id.* at 5. The Land Rover was also damaged in the accident. *Id.* at 4. Lewis, Wallace, and the Estate of Kevin Michael Juett have claimed coverage under the policy for their alleged injuries and damages resulting from this accident. *Id.* at 5. Progressive seeks a declaratory judgment that the claim for liability benefits by Donald Lewis is not covered by the policy because at the time of the accident, Lewis's vehicle was no longer covered by the policy. *Id.* Progressive also seeks a judgment that the policy provides no personal injury protection benefits for Lewis, Wallace, and the Estate of Juett because the policy is limited to coverage for persons "occupying a covered auto," and the Land Rover was not covered at the time of the accident. *Id.*

Progressive has moved for an entry of default and default judgment due to Wallace's failure to respond to this lawsuit. R. 22. On May 13, 2008, a summons was issued to Wallace. R. 4. On June 12, 2009, the summons and a copy of the Complaint for Declaratory Relief were served by a process server and signed for by April Wallace. R. 5. No responsive pleading has been filed on her behalf to date.

2

Due to Wallace's failure to respond, the Clerk of the Court entered default on July 22, 2009, pursuant to Fed. R. Civ. P. 5(a). 23. Progressive also seeks entry of a default judgment against Wallace pursuant to Fed. R. Civ. P 55(b)(2). R. 22.

## II.     Default Judgment

Progressive's motion will be denied in order to avoid inconsistent results and prejudice to the remaining defendants. Rule 55(b)(2) allows a court to enter default judgment following the entry of default. However, "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1474 (6th Cir. 1998)*; see also Liberty Mut. Ins. Co. v. Petit*, No. 2:09-cv-111, 2009 U.S. Dist. LEXIS 91626 at * 4 (S.D. Ohio) Oct. 1, 2009)(citing 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.36 [1] (3d. ed.). The issue of whether the Land Rover was covered by the policy at the time of the accident is central to the claims against each defendant. A default judgment against Wallace could lead to inconsistent judgments regarding this issue, and risks prejudicing the nondefaulting defendants.

## III.    Conclusion

Accordingly, **IT IS ORDERED** that the court **DENIES** Progressive's motion with respect to the request for default judgment against April Wallace **WITHOUT PREJUDICE**. R. 22. The Clerk's entry of default will remain. R. 23. Progressive

may bring this motion again once the claims have been resolved against the nondefaulting defendants.

Signed on  November 19, 2009 

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY